UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DEREK CHRISTENSEN, | Case No. 3:13-cv-00085-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JAMES G. COX, et al., | |
| Defendants. | |

This closed prisoner civil rights action comes before the Court on plaintiff's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure (dkt. no. 8). The motion was constructively filed after the expiration of the time for seeking relief instead under Rule 59.

The motion will be denied. Plaintiff articulates no basis for relief under any particular provision of Rule 60(b). He instead in essence seeks to reargue the basis for dismissal as to what now is a final judgment. However, alleged legal error does not by itself warrant relief under Rule 60(b); and a Rule 60(b) motion cannot be used as a substitute for a timely appeal from the original judgment. *See, e.g., Plotkin v. Pacific Telephone and Telegraph Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Nor can plaintiff relitigate the prior dismissal based on factual allegations presented for the first time after the entry of judgment.

The provision that plaintiff sought to challenge states in pertinent part:

> Inmates who have a current or prior conviction, or arrest for a sexual crime involving a minor child or other violence/abuse of a minor child are ineligible to visit with the victim of their crime while that individual is still a minor unless so ordered by the court. They shall be ineligible to visit with any other minor child without specific approval of the Director. This responsibility shall not be delegated. . . . .

NDOC AR 719.1.2.A(4).

As discussed at greater length in the dismissal order, such an administrative provision does not give rise to a protected liberty interest for purposes of procedural due process guarantees. Thus, any alleged noncompliance with its procedures does not give rise to a viable constitutional claim. If the Director has not approved plaintiff's requests to visit minor children or has not responded with an express written denial, that does not give rise to a viable procedural due process claim. If other officers also have denied a similar request presented instead at a classification hearing, that does not give rise to a viable procedural due process claim. If plaintiff has filed grievances and they have been denied, even allegedly in violation of grievance procedures under state regulations, that does not give rise to a viable due process claim. Under *Sandin v. Connor*, 515 U.S. 472 (1995), neither alleged noncompliance with state administrative regulations nor an absence of written criteria therein give rise to a viable procedural due process claim.

On its face, the restriction in the provision on any constitutional right of association, to the extent that such right survives incarceration, bears a rational relation to legitimate penological interests. The Supreme Court has recognized that state corrections departments have a valid interest in "protecting child visitors from exposure to sexual or other misconduct." *Overton v. Bazzetta*, 539 U.S. 126, 131-33 (2003). There clearly is a rational relation between such a valid penological interest and a rule making child sex offenders ineligible for visitation by minors without specific approval of the corrections department director.

///

Nor does plaintiff present a viable equal protection claim. Contrary to plaintiff's suggestion, the Equal Protection Clause does not require that every allegedly similarly situated person receive exactly similar treatment at the hands of officials. Sex offenders are not a protected class for purposes of applying heightened scrutiny review under the Equal Protection Clause; and, as discussed above, there clearly is a rational relation between a valid governmental interest and the rule in question. Plaintiff's varying assertions that "all," "almost all," or instead only "some" sex offenders are not allowed visitation by minor children pursuant to the rule all beg the question. Particularly in the prison environment, the Equal Protection Clause does not authorize the Court to substitute its own judgment for that of a state official as to whether a particular child sex offender should or should not be approved for visitation by minor children. The Equal Protection Clause therefore does not put the Court in a role of overriding the Director's lack of approval to date on a basis, for example, that there allegedly were no issues with plaintiff's visits prior to the regulation or that he has no prior institutional disciplinary history. Decisions based upon such particularized inmate-specific considerations are beyond the cognizance of the Equal Protection Clause, which again, does not broadly police governmental decisions to assure that every allegedly similarly-situated individual is treated exactly similarly.

Plaintiff's reliance upon a vaguely referenced state court decision concerning a state law sentencing issue is misplaced. He asserts that the decision was "per Nevada law." A state court ruling on a state law issue has nothing to do with a federal court's application of federal constitutional law. As described by plaintiff, the case in question appears to pertain to whether a state district court, as opposed to the state parole and probation department, had authority to prohibit contact with minor females in sentencing a defendant. That issue has nothing to do with this case. Visitation of inmates clearly is within the domain of a state corrections department.

Plaintiff's reliance upon the prior screening order in this Court in Case No. 3:12-cv-00512-RCJ-VPC also is misplaced. In that case, the plaintiff presented a number of

claims, including a claim alleging that his requests to place his adult daughter — the victim of his prior sexual offense — on his approved visitor list had been denied improperly. The Court directed that service proceed on a finding that plaintiff stated a claim for relief. The situation in the prior case is distinguishable on its face, and prior decisions in a federal district court in any event do not constitute binding precedent in other actions in the court. Plaintiff presents no basis for Rule 60(b) relief in this case, which is the case currently before the undersigned.

It is therefore ordered that plaintiff's motion for relief from judgment (dkt. no. 8) is denied. This action has been, and remains, closed.

DATED THIS 23rd day of May 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE